# COURT OF APPEALS
# DECISION
# DATED AND FILED

# August 28, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2282**

Cir. Ct. No. **2023SC381**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

LVNV FUNDING, LLC,

    PLAINTIFF-RESPONDENT,

  V.

CHEU THAO,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Sheboygan County: ANGELA W. SUTKIEWICZ, Judge. *Affirmed.*

¶1 LAZAR, J.[1] Cheu Thao appeals from a judgment entered against him in favor of LVNV Funding, LLC ("LVNV"). Thao argues that the circuit

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

court misinterpreted the loan agreement between Thao and WebBank, the latter of whose rights under the agreement were ultimately sold and assigned to LVNV. Upon Thao's motion for reconsideration, this court has withdrawn its prior opinion in order to correct a potential inaccuracy regarding the identity of the original creditor and original servicer of the loan, which are not the same entity. This correction does not alter the court's ultimate conclusion that the circuit court correctly interpreted the contract. For the following reasons, the judgment is affirmed.

¶2    Thao borrowed $8,500.00 from WebBank on June 29, 2016. The loan was serviced by Avant, Inc., meaning that Thao was to make payments to Avant and communicate with Avant regarding things like changes he wished to make in his method and amount of payments. Thao made his last payment on the loan on March 6, 2017, leaving an outstanding payoff balance of $7,310.81. In September 2017, Avant informed Thao that the loan had been sold to Sherman Originator III LLC, c/o Resurgent Capital Services LP, and that entity was reflected as the owner of the account in Avant's web portal. Soon after, LVNV purchased the account and filed suit to collect on Thao's outstanding debt, which, after accrual of interest, amounted to $8,551.41. The circuit court granted LVNV's motion for summary judgment and awarded $8,967.91, including costs. Thao appeals, asserting that the loan agreement defines Avant's web portal as the only valid record of ownership and that LVNV, which is not reflected therein, has no claim to the debt.

¶3    "We review summary judgment rulings independently, applying the well-established standards set forth in WIS. STAT. § 802.08." *Hirschhorn v. Auto-Owners Ins. Co.*, 2012 WI 20, ¶20, 338 Wis. 2d 761, 809 N.W.2d 529. "Summary judgment 'shall be rendered if the pleadings, depositions, answers to

2

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" ***Id.*** (quoting § 802.08(2)).

¶4      Here, summary judgment turns upon the interpretation of the loan agreement, which includes the following paragraph titled "Assignment":

> We may assign this Note at any time without your permission.  Our transfer may be made by causing a registration of transfer in the record of ownership as described below, without providing you with any other notice (except where such notice is required by applicable law).  Your obligations under this Note apply to all of your heirs, successors and permitted assigns, if any.  Our rights under this Note apply to us and each of our successors and assigns.  Ownership of this Loan Agreement and Promissory Note (and rights hereunder, including with respect to principal and interest) shall be registered in a record of ownership maintained by an entity specifically designated for such purposes.  You hereby irrevocably appoint Avant, Inc. as your agent acting solely for the purpose of maintaining such record of ownership.  Any assignment or transfer of, or participation in, this Note (or rights hereunder) will be valid only if and when it is registered in such record of ownership.  You shall treat each person whose name is registered in the record of ownership as the owner, assignee or participant, as applicable, for all purpose of this Loan Agreement and Promissory Note, including, but not limited to, the rights to payments of principal and interest.  The record of ownership shall be made available to you in a form and manner determined by the agent maintaining it from time to time upon reasonable prior written notice.

¶5      Contract language is construed according to its plain or ordinary meaning, ***Huml v. Vlazny***, 2006 WI 87, ¶52, 293 Wis. 2d 169, 716 N.W.2d 807, consistent with "what a reasonable person would understand the words to mean under the circumstances." ***Seitzinger v. Community Health Network***, 2004 WI 28, ¶22, 270 Wis. 2d 1, 676 N.W.2d 426.  For a business contract, that means "the manner that it would be understood by persons in the business to which the

contract relates." *Columbia Propane, L.P. v. Wisconsin Gas Co*., 2003 WI 38, ¶12, 261 Wis. 2d 70, 661 N.W.2d 776.  If the language used by the parties is unambiguous, a court's "attempt to determine the parties' intent ends with the four corners of the contract, without consideration of extrinsic evidence." *Huml*, 293 Wis. 2d 169, ¶52

¶6      "If the contract language is fairly susceptible to more than one reasonable construction, the contract is ambiguous and extrinsic evidence may be used to determine the parties' intent." *State ex rel. Massman v. City of Prescott*, 2020 WI App 3, ¶14, 390 Wis. 2d 378, 938 N.W.2d 602.  Whether ambiguity exists in a contract is a question of law reviewed de novo. *Mattheis v. Heritage Mut. Ins. Co.*, 169 Wis. 2d 716, 720, 487 N.W.2d 52 (Ct. App. 1992).  Likewise, "interpretation of an unambiguous contract presents a question of law" reviewed de novo. *Town Bank v. City Real Est. Dev., LLC*, 2010 WI 134, ¶32, 330 Wis. 2d 340, 793 N.W.2d 476.

¶7      Thao argues that the loan agreement unambiguously binds all subsequent parties with acquired rights to ensure that a record of their ownership is reflected in documentation maintained by Avant and that, while creditors other than WebBank "can [be] assign[ed] the debt," they must be listed in a record of ownership maintained by Avant to have any rights.  According to Thao, purported owners who are not registered by Avant (and listed in Avant's web portal) are not valid.  Thao concludes that because "Avant['s] [web] portal record of ownership is not LVNV Funding, LLC, it's Sherman Originator III, LLC," LVNV does not own and has not been assigned the debt and, therefore, cannot collect.

¶8      Thao bases this argument on a portion of the contractual language reproduced above, which he claims states:  "Ownership of this Loan Agreement

4

and Promissory Note … <u>shall</u> be registered in a record of ownership maintained by … Avant." (Emphasis supplied by Thao). In fact, the loan agreement states that "Ownership … shall be registered in a record of ownership maintained by *an entity specifically designated for such purposes*." (Emphasis added.) While it is true that the agreement provides that "[a]ny assignment or transfer of … [the loan] will be valid only if and when it is registered in such record of ownership," it is not true that the contract specifies Avant as the perpetual maintainer of that record.[2]

¶9    Thao's argument "focus[es] on particular language that ignores context provided by other language in the contract." *See **Arrowhead Sys. v. Grant Thornton LLP***, No. 2019AP2268, unpublished slip op. ¶35 n.9 (WI App Oct. 15, 2020). Specific contract language is to be interpreted in the context of the contract as a whole. ***Little Chute Area Sch. Dist. v. Wisconsin Educ. Ass'n Council***, 2017 WI App 11, ¶25, 373 Wis. 2d 668, 892 N.W.2d 312.

¶10    The rest of the paragraph addressing assignment of the loan agreement adds context supporting an interpretation of the clause at issue that does not require Avant to maintain a record of ownership of all subsequent assignees. To the contrary, it indicates significant freedom in assigning the debt, explicitly

---

[2] Besides clarifying for this court that WebBank (the original creditor) and Avant (the original third party loan servicer) are not the same entity, Thao's motion for reconsideration states that "Avant is the 'irrevocably' appointed third-party for the record of ownership." This is a misleading characterization of the language of the contract, which actually states that *Thao* "irrevocably appoint[s] Avant, Inc. as [*his*] agent acting solely for the purpose of maintaining such record of ownership." Given that the contract provides for Thao's ability to assign his obligations under the note—with WebBank's permission—this sentence, along with the ones surrounding it, seems clearly to explain that such an assignment from Thao is not effective until recorded in the record of ownership and that Avant is to be Thao's agent in this regard. It has nothing to do with the designated agent of WebBank's subsequent assignees for the purposes of maintaining a record of ownership.

stating: "We may assign this Note at any time without [Thao's] permission." An interpretation that requires Avant to continue documenting ownership even after WebBank sells the loan is contrary to that freedom of alienation. Furthermore, the possibility of multiple future owners is acknowledged in the explicit statement that the creditor's "rights under this Note apply to [the creditor] and *each* of [its] successors and assigns." (Emphasis added.)

¶11     A reasonable person would understand the paragraph at issue to mean any assignment or transfer will be valid only upon registration in *a* record of ownership and that Avant shall maintain this record at the outset of the loan, and for as long as WebBank engaged Avant to service the debt, not forever after. In particular, a person in the relevant creditor-debtor business would understand that the parties' intentions were not to bind Avant to record every subsequent owner and assignee of debt for the perpetuity of the debt. *See **Columbia Propane***, 261 Wis. 2d 70, ¶12. As the contract makes clear, future owners of the account have the same rights as the original lender. The original lender had the right to choose its own servicer and to sell and assign the debt; subsequent owners, therefore, have the same right to maintain their own records of ownership and to sell and assign the debt.

¶12     Based upon the foregoing, this court determines that the contract does not require Avant to maintain a record of ownership for all subsequent owners of Thao's loan. Because there is no apparent dispute that the owners after WebBank maintained sufficient records of ownership to show their rights under the agreement and to communicate their ownership to Thao, and because Sherman Originator III LLC "registered … such record of ownership" reflecting that LVNV is the current owner of the account, Thao's appeal fails. Accordingly, the judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.